**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TERESA WILLIAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:18-cv-1453-WTL-DML |
| ) | |
| MEIJER STORES LIMITED ) | |
| PARTNERSHIP d/b/a MEIJER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

This cause is before the Court on the motions for summary judgment filed by Defendants FacilitySource, LLC ("FacilitySource") (Dkt. No. 21) and Meijer Stores Limited Partnership ("Meijer") (Dkt. No. 42). The motions are ripe for review, and the Court, being duly advised, **DENIES** the motions for the reasons set forth below.

### I.  FACTUAL BACKGROUND

On December 15, 2015, FacilitySource and Meijer executed a Master Services Agreement ("MSA"), pursuant to which FacilitySource agreed to provide services to Meijer as described in a statement of work. On October 4, 2016, FacilitySource and Meijer executed a statement of work ("SOW") for snow and ice management.

On December 13, 2016, the Indianapolis, Indiana area received 3.9 inches of snow. On December 14, 2016, Brownsburg Plowing, a subcontractor of FacilitySource, performed snow and ice removal services at the Meijer grocery store located at 10841 E. U.S. 36 in Avon, Indiana. On December 16, 2016, Plaintiff Teresa Williams slipped, fell, and was injured while walking between cars in the Meijer parking lot.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, a party who bears the burden of proof on a particular issue may not rest on its pleadings, but must show what evidence it has that there is a genuine issue of material fact that requires trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## III. DISCUSSION

### A. Meijer's Motion for Summary Judgment

The Plaintiffs allege that Mrs. Williams's fall and resulting injuries were caused by the Defendants' negligence. "In Indiana, the tort of negligence is comprised of three elements: (1) a duty on the part of defendant in relation to the plaintiff; (2) the defendant's breach of that duty; and (3) an injury to the plaintiff resulting from that failure." *Kolozsvari v. Doe*, 943 N.E.2d 823, 826-27 (Ind. Ct. App. 2011).

For the purposes of this motion, both the Plaintiffs and Meijer agree that the Mrs. Williams was an invitee. In determining the standard of care owed to invitees, the parties look to Section 343 of the Restatement (Second) of Torts, which states that:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Hale v. SS Liquors, Inc.*, 956 N.E.2d 1189, 1192 (Ind. Ct. App. 2011).

Meijer acknowledges that "[a]llowing the existence of a hazardous substances on the [ground] of a business can be a breach of the duty to exercise reasonable care." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1088 (7th Cir. 2018) (citing *Barsz v. Max Shapiro, Inc.*, 600 N.E.2d 151, 153 (Ind. Ct. App. 1992)). However, it also notes that "before liability can be imposed on the invitor, it must have actual or constructive knowledge of the danger." *Id.* (citing *Schulz v. Kroger Co.*, 963 B.E.2d 1141, 1144 (Ind. Ct. App. 2012)).

The Court finds that there is a question of fact as to whether Meijer had actual or constructive knowledge of the alleged danger. The snowfall occurred on December 13, 2016, and the parking lot was plowed the next day. Then, according to Meijer:

> Two days later, in the afternoon on December 16, 2016, Mrs. Williams left her house to grocery shop at Meijer. While driving, Mrs. Williams noticed that the roadways were slick. Mrs. Williams was not surprised by the road conditions on her way to Meijer, because after sixty plus winters spent in Indiana, she was accustomed to experience snow and ice while driving and had expected to experience as much.
>
> When turning off of Rockville Road into the shopping complex where Meijer is situated, Mrs. Williams recognized that even the entrance road was slick

3

> under her tires. When she parked her car, in Row G, near the front or the store, Mrs. Williams testified that she got out of her car and walked into the store without falling; although she did slip when she exited her vehicle.

Dkt. No. 43 at 2 (internal citations omitted). Furthermore, Meijer notes that Mrs. Williams did not inform Meijer of the condition of the parking lot, "as she felt the circumstances were not dangerous enough to report. Rather it was a common condition that she often encountered while living in Indiana." Dkt. No. 43 at 3 (internal citations omitted).

"To establish constructive knowledge, a plaintiff must show a 'condition which has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented if the storekeeper, his agents, or employees had used ordinary care.'" *Austin*, 885 F.3d at 1088 (quoting *Schulz*, 963 N.E.2d at 1144) (internal alteration omitted). Meijer acknowledges that there was a snowfall two days prior to the Mrs. Williams's fall, and that the Mrs. Williams could recognize that the roads leading to Meijer, the entrance way, and the lot itself were slick. Presumably these same conditions could have given constructive, if not actual, knowledge to Meijer that the parking lot was slick. Accordingly, whether Meijer had actual or constructive knowledge of the condition is a question of fact precluding summary judgment.

Finally, Meijer argues that it should not be held liable because Mrs. Williams failed to protect herself from the potential harm. However, "the duty of a commercial business towards its customers is 'not extinguished by the knowledge of its customers concerning potential risks on the premises.'" *Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind. 1990) (quoting *Get-N-Go, Inc. v. Markins*, 544 N.E.2d 484. 487 (Ind. 1989)). Therefore,

> "If a duty of care exists, the determination of whether a breach of duty occurred is a factual question requiring an evaluation of the landowner's conduct with respect to the requisite standard of care." *Countrymark Coop., Inc. v. Hammes*, 892 N.E.2d 683, 688 (Ind. Ct. App. 2008) (citing *Douglass,* 549 N.E.2d at 370). As a result, summary judgment is "rarely appropriate" in negligence cases. *Id.* (citing

> *Rhodes v. Wright,* 805 N.E.2d 385, 387 (Ind. 2004)). "This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence." *Id.* (citing *Rhodes,* 805 N.E.2d at 387).

*Miller v. Rosehill Hotels, LLC*, 45 N.E.3d 15, 20 (Ind. Ct. App. 2015). Because this case presents factual questions which should be resolved by a jury, Meijer's motion for summary judgment is **DENIED**.

### B. FacilitySource's Motion for Summary Judgment

FacilitySource argues that it is entitled to summary judgment because (1) FacilitySource did not owe a duty to Mrs. Williams because it did not have possession or control of Meijer's parking lot; or (2) it did not have a duty to warn or otherwise protect Mrs. Williams from the allegedly hazardous condition because it did not have actual or constructive knowledge of the condition. In response to FacilitySource's argument that it did not owe a duty to Mrs. Williams because it was not in control or possession of the parking lot, the Plaintiffs note that they "do not allege that FacilitySource was in possession or control of the parking lot. Rather Plaintiffs contend that FacilitySource's duty to Teresa Williams, and other business invitees, arose via contractual obligations with Meijer." Dkt. No. 55 at 6-7.

The Plaintiffs point to the SOW to argue that FacilitySource had a duty to the Plaintiffs. The SOW states that "[i]f there is re-freeze on the parking lots or sidewalks due to melt run-off, the Contractor has liability and responsibility to perform a salting service to eliminate the risk of slip and fall injuries." Dkt. No. 56-2 at 3. Considering that the snowfall occurred on December 13, 2016, that Mrs. Williams fell on December 16, 2016, and the intervening weather patterns, the Plaintiffs note that there is "a fair inference that, due to sunny conditions, the ice and/or snow could have melted, at least partially, and re-froze during the time period between December 14 and December 16." Dkt. No. 55 at 9.

5

In response, FacilitySource argues

> The SOW provides that "[i]f there is re-freeze on the parking lots or sidewalks due to melt run-off, the Contractor has the liability and responsibility to perform a salting service to eliminate the risk of slip and fall injuries." First, this provision specifically refers to re-freeze as the result of melt run-off. In order for there to be any melt run-off, well-established scientific principles known to every layman require the temperature to rise above the freezing point. Here, between December 14, 2016, and December 16, 2016, the temperature remained below 32 degrees Fahrenheit at all times. Therefore, nothing could have melted to subsequently re-freeze. Second, this SOW provision does not change the circumstances under which FacilitySource's subcontractor was required to appear and inspect the parking lot: two inches of snow and/or freezing rain or by request from Meijer. Rather, this SOW provision purports to require FacilitySource (via its subcontractor) to simply return to perform a salting service in the event of re-freeze.

Dkt. No. 57 at 12 (internal citations omitted). The problem for FacilitySource is that it is only considering the official temperatures for this time period. Indeed, it is possible that there were sunny patches in the parking lot that melted or that the heat of the cars melted some of the ice even if the official air temperature remained below freezing. Therefore, it remains a question of fact as to whether FacilitySource had a duty under the contract to salt the parking lot at the relevant time.

FacilitySource's remaining arguments fail to provide a ground for summary judgment. FacilitySource argues that Meijer breached its contract with FacilitySource by "fail[ing] to utilize FacilitySource as the single point of contact for requesting and reporting services as required in the Master Services Agreement" and by "ignor[ing] the conditions for services set forth in the SOW and determin[ing] that it would exclusively make decisions as to when snow/ice removal would be performed and to what extent," Dkt. No. 57 at 6, thereby discharging any duty owed by FacilitySource. However, while these incidents may constitute breaches of the contract, the Court cannot find on the record now before it that, as a matter of law, they would constitute a

material breach such that any failure to perform by FacilitySource would be excused.

Accordingly, FacilitySource's motion for summary judgment must be **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, FacilitySource's motion for summary judgment, Dkt. No. 21, and Meijer's motion for summary judgment, Dkt. No. 42, are **DENIED**.

SO ORDERED: 2/26/2019

_William T. Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification